**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**John E. LYNCH, Appellee.**

**No. 7003.**

Court of Appeals of Texas, El Paso, Panel No. 3.

Oct. 28, 1981.

Rehearing Denied Nov. 25, 1981.

Rassman, Gunter & Boldrick, P.C., James P. Boldrick and Leslie G. McLaughlin, Midland, for appellant.

Burnett & Ahders Associated, Ruff Ahders, Warren Burnett and Norma Venso, Odessa, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This worker's compensation case presents the question of the sufficiency of the evidence to sustain a finding of total and permanent disability, and the question of the admissibility of certain medical records. Trial was to a jury which found total and permanent disability. We reverse and remand.

Appellee was employed by Miether Machine Company, when on September 5, 1978, he received an injury to his back, later diagnosed as a lumbar strain. He finished the day's work and some days later sought medical care from Dr. H. E. Hestand. The doctor ordered Appellee not to work and directed him to a physical therapist. After twelve weeks of being off, he was told to return to work at light duty. He returned to regular work as there was no "light duty" and continued at such work for some seven months before he quit. His work consisted of dismantling and steam cleaning heavy machinery, and involved some heavy lifting. He testified that it was the pain of this heavy lifting that caused him to quit and seek other employment. During the seven months period of his post-injury employment by Miether, Plaintiff worked a ten or twelve hour day. After leaving Miether, Appellee went to work for Atlas Van Lines while he looked for other employment. Some two months after leaving Miether, he joined his present employer, Dynamo Electric. When Plaintiff left Miether, he was making $5.40 an hour as a mechanic trainee. At Dynamo he is an electrician trainee and started work at $4.00 an hour, but within eight months, and at the time of trial, was making $5.00 an hour.

The only special issues submitted to this jury inquired about total incapacity. The jury answered "yes" to the question of whether Appellee's injury was a producing

cause of any total incapacity, and it found the duration of such total incapacity to be permanent. Appellant's Points of Error One and Two are that this finding of "permanent" is against the great weight and preponderance of the evidence and that there was factually insufficient evidence to support such a finding.

■ The purpose of the Workers' Compensation Act is to compensate an injured employee for a loss of earning capacity—not for the loss of earnings or for injuries sustained. *Employers Reinsurance Corporation v. Holland*, 162 Tex. 394, 347 S.W.2d 605 (1961); *Electric Mutual Liability Insurance Company v. White*, 579 S.W.2d 946 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). In the case before us, the jury was instructed "total incapacity does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual task of a workman, not merely the usual task of any particular trade or occupation, to such an extent they can not get and keep employment."

We are not concerned with the many statements from other cases defining or explaining the definition of total and permanent, for there is no objection to the one given here. The jury made its findings under it, and the sole question is the sufficiency of the evidence to sustain the finding that Appellee's disability is permanent.

■ The finding of an injury causing total incapacity not being challenged on appeal, our concern is only with the evidence as to its duration. As to that question, Appellant has invoked this Court's jurisdiction under Article 5, Section 6, of the Constitution of the State of Texas, which says "provided, that the decision of said Courts shall be conclusive on all questions of fact brought before them on appeal or error." It becomes our duty to review, consider and weigh all the evidence and to remand the cause for a new trial if we conclude that the verdict is not supported by factually sufficient evidence, or is so against the great weight and preponderance of the evidence, as to be manifestly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex. 1981).

The evidence as to the duration of Appellee's incapacity is all circumstantial unless it can be said that his own testimony is direct. After testifying that the work at Miether involved lifting and strain and heavy work, Appellee was asked if he had any reason to believe that he would ever be able to do that kind of work again, and his answer was no. He testified that on his present job he was working nine to ten hours a day, a forty-eight to fifty hour week, plus some weekends; that his present employers had never expressed any dissatisfaction with his work; that he received two wage increases in the eight months that he had been there.

"Q You'll never stop working, will you?

A No, sir.

Q As far as you can tell presently?

A No.

Q You're satisfied with your job at Dynamo, isn't that correct?

A Yes, sir.

Q You're able to do the work?

A Yes, sir.

Q You're going to continue to do the work there so long as you know you will continue to work there whether or not the jury goes out and awards you the benefits you are seeking?

A That's right, that is if they don't go out of business."

Two medical doctors, a physical therapist, and a chiropractor treated Appellee, but none were witnesses at his trial. The doctor who took him off work for twelve weeks certified him to return to work for "light duty" and the other doctor did not suspend him from work; also, the physical therapist released him to return to his work. These are circumstantial indications of no permanent disability. At the time of trial, he was not under any treatment and at the time of trial he had not seen a medical doctor for six or seven months, had not seen his physical therapist for well over a year, and had

not sought chiropractic care for well over a year. He has worked steadily since his return to work in November of 1978, following his injury, although he suffers pain in doing heavy lifting, and when standing long hours on his feet. These things are not in keeping with a condition of permanent disability to perform the tasks of a workman.

■ In his brief, Appellee urges "if returning to work—cheaper work—because of economic hardship controls these cases, say so." While it will add nothing to the jurisprudence of this State, we will make the observation that the fact that a claimant has returned to work because of economic hardship, is evidentiary only. It is a factor for the jury to consider in making a determination on the question of the incapacity. Evidence that the claimant is performing the usual tasks of a workman is inconsistent with his claim of incapacity, and his evidence of performing such work under the whip of economic necessity is proper rebuttal evidence. The mere fact that a claimant has returned to work after his injury does not, in and of itself, preclude a finding of total and permanent incapacity. *Aetna Casualty & Surety Company v. Depoister*, 393 S.W.2d 822, (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.).

■ We conclude that the evidence is insufficient to sustain the jury's finding of permanent disability.

Appellant's third point of error is that the trial Court erred in excluding its Exhibit 5, The Surgeon's Final Report and bill of Dr. H. E. Hestand. Appellee/Plaintiff objected to certain portions of Dr. Hestand's reports that the Appellee had "recovered," been "discharged and cured," was "capable of doing same work as before injury," and suffered no "permanent disability" from his "left lumbar strain." Appellee's objections, the adequacy of which are not in dispute, go to the admissibility of these opinions of the doctor not present and subject to cross-examination. We are of the opinion the Court did not err in excluding the Defendant's Exhibit 5.

In *Loper v. Andrews*, 404 S.W.2d 300 (Tex.1966), the Supreme Court identified three types of medical diagnoses: (1) The medical facts may be such that the medical condition is apparent and observable by all, or (2) the facts and findings may be such that an expert interpretation is required but the medical condition is nevertheless well recognized and reasonably certain, or (3) the facts and findings may be such that their meaning and the resulting medical opinion as to the patient's condition rests primarily in expert medical opinion, conjecture and speculation.

■ The Court in *Loper* held that the record of the third category is inadmissible under Article 3737(e). That statute was construed to render entries of diagnoses of medical opinions admissible only in those instances where it can be said that the diagnosis records a condition resting in reasonable medical certainty. Not resting on reasonable medical certainty, and excluded as inadmissible, are opinions and diagnostic injuries when they are genuinely disputed and necessarily rest largely in expert opinion, speculation or conjecture. The effect of *Loper* is to limit the admissibility of diagnostic injuries to those on which competent physicians could ordinarily agree. *Reed v. Aetna Casualty & Surety Company*, 535 S.W.2d 377 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). Dr. Hestand's findings that the Appellee had recovered, had been discharged as cured, was capable of doing the same work as before his injury, and that he had suffered no permanent disability, are, in our opinion, "expert conjectures" and, thus, inadmissible. The point of error is overruled.

The judgment of the trial Court is reversed and the cause remanded for another trial.