**AUSTIN INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Billy MAYNARD, Appellee.**

**No. 14415.**

Court of Appeals of Texas, Austin.

May 21, 1986.

Bob Grove, Richard W. South, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Austin, for appellant.

Rick Freeman, Tom A. Stribling, Colbert & Freeman, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Billy Maynard sued the Austin Independent School District in the district court of Travis County for workers' compensation. After trial to a jury, the district court disregarded certain answers of the jury and rendered judgment for Maynard.

Maynard pleaded that he was an employee of the school district on September 24, 1981. On that date he testified that he injured his back while unloading brush for the school district at the city dump.

In response to Maynard's suit, the school district pleaded *inter alia* that Maynard engaged in injurious practices which tended to impede or retard his recovery and that Maynard's physicians had advised him "to desist from such injurious practices," but that he had refused to do so.

The jury answered special issues that as the result of his back injury, Maynard suffered a period of temporary total incapacity and, thereafter, permanent partial incapacity. In response to special issues submitting the school district's "injurious practices" defenses, the jury answered that Maynard's physicians advised him to exercise and lose weight and that he failed to do so. The jury answered further that Maynard's failure to exercise and lose weight contributed sixty-five percent to his incapacity.[1]

---

1. The district court submitted the school district's "injurious practices" defense in the following manner:

SPECIAL ISSUE NO. 9

Do you find from a preponderance of the evidence that after September 24, 1981, Dr. Peter Werner, Dr. Robert Hunter, or Dr. William Turpin advised Billy Maynard to exercise and lose weight?

Answer "We do" or "We do not."

ANSWER: We do

SPECIAL ISSUE NO. 10

Do you find from the preponderance of the evidence that after September 24, 1981, Billy Maynard did not lose weight and exercise after being advised to do so by Dr. Hunter, Dr. Werner, or Dr. Turpin?

Answer "We do" or "We do not."

ANSWER: We do

SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that Billy Maynard's failure to exercise and lose weight after September 24, 1981, did contribute to his incapacity?

Answer "It did not contribute."
or
"It did contribute."

ANSWER: It did contribute

Upon motion, the district court disregarded the jury's answers to the school district's "injurious practices" issues and rendered judgment favorable to Maynard.

The basis for the school district's "injurious practices" defense is found in Tex.Rev. Civ.Stat.Ann. art. 8307, § 4 (1967), which provides in part:

If any employee shall *persist* in insanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment, chiropractic service or other remedial treatment recognized by the State, as is reasonably essential to promote his recovery, the board may in its discretion order or direct the association to reduce or suspend the compensation of any such injured employee. No compensation shall be reduced or suspended under the terms of this Section without reasonable notice to the employee and an opportunity to be heard. (Emphasis added)

■ An injured worker's wilful failure to lose excessive weight may constitute an "injurious practice" within the purview of art. 8307, § 4. *Utica Mutual Insurance Company v. Ritchie*, 500 S.W.2d 879 (Tex. Civ.App.1973, no writ). One who "persists" in a course of conduct does so resolutely and deliberately despite warning or opposition. *Id.*

Concerning the injurious practices defense, Dr. Richard Hunter testified by deposition that Maynard suffered a low back strain resulting from a fall at the city dump. Hunter referred Maynard to Dr. Peter Werner, a neurologist. Werner also concluded that Maynard was suffering from back strain. Both Drs. Hunter and Werner advised Maynard that he needed to lose weight and begin exercising to attain a maximum recovery. Hunter explained that Maynard did not perform the exercises to the extent that the doctors advised, nor did he lose the weight that Dr. Werner advised. Dr. William Turpin, a neuro-surgeon hired by the school district, testified by deposition that he found Maynard to be obese and suffering from spondylolisthesis. Turpin also testified that Maynard had been advised that he needed to lose weight and exercise in order to overcome his back problems. Turpin related that Maynard had not followed that advice.

Maynard testified that he had tried to lose weight but that he could not "seem to lose no weight." Maynard claimed that he had walked some and had done other exercises, but he admitted that he had not developed any regular walking routine.

One who "persists" in a course of conduct does so resolutely and deliberately despite warning or opposition. *Id.* The school district marshaled proof from which the trier of fact could have concluded that Maynard wilfully refused to lose weight and to follow an exercise program. On the other hand, the jury could have concluded from the evidence that Maynard was unable to control his weight and that he had tried to follow the recommended exercise regime.

■ It was the school district's burden to request proper issues and obtain jury findings concerning all of the elements of its "injurious practices" defense. One element of the defense omitted from the court's charge was that Maynard's failure to lose weight and follow the exercise regime was wilful. *Id.*

■ Had the district court rendered judgment on the jury's verdict for the school district, this Court would deem in favor of the judgment that Maynard's failure to lose weight and follow the exercise regime was wilful, since there is some evidence in support of that omitted element of the defense. Tex.R.Civ.P.Ann. 279 (1977); Hodges, Special Issue Submission in Texas § 82 (1959 and Supp.1969). However, because the district court rendered judgment

SPECIAL ISSUE NO. 12

Find from a preponderance of the evidence the percentage, if any, that Billy Maynard's failure to exercise and lose weight after September 24, 1981, contributed to his incapacity since September 24, 1981.

Answer by giving a percentage, if any.

ANSWER: 65%

against the school district, this Court presumes that the district court found against the school district on the omitted element of the injurious practices defense. Tex.R. Civ.P.Ann. 279 (1977).

The judgment of the district court is affirmed.