### NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant,

#### v.

### Martha Cooper GARCIA, Appellee.

### No. 08–86–00069–CV.

Court of Appeals of Texas, El Paso.

Feb. 25, 1987.

Rehearing Denied April 1, 1987.

Jack Brewster, Brewster & Mayhall, El Paso, for appellant.

Mark F. Howell, El Paso, Russell Dunn, Sherman, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

OSBORN, Chief Justice.

Northwestern National Insurance Company appeals from a judgment awarding Martha Garcia $96,715.56 in compensation benefits after a jury found her totally and permanently incapacitated as a result of accidental injuries sustained on March 19, 1980, and also found her totally and permanently incapacitated as a result of accidental injuries sustained on April 24, 1981. By nineteen points of error, the Appellant complains of evidentiary rulings, the court's charge, wage rate determination, sufficiency of the evidence and the entry of judgment. We affirm.

### Facts

Martha Garcia worked for American Furniture Company from August, 1970, until July, 1981, as an invoice and inventory control clerk. On March 19, 1980, she was hit from behind by a china cabinet being moved on a dolly and twisted her right knee and back. The next day, she saw Dr. Barry King and she was off work for two weeks. On April 24, 1981, while working at a warehouse, she slipped on an oil slick and fell. She again saw Dr. King. She continued to work until July, 1981, when she resigned from her job. She saw Dr. Eduardo Hazarian twice in 1984 and again just before trial in October, 1985. He did a physical and neurological examination and made certain recommendations for further tests, but he never prescribed any treatment. She returned to work for another employer in July, 1985, as a part-time employee.

Juan Garcia, Appellee's husband, also testified as to her physical condition as a result of the accidents and as to his physical condition which had in part necessitated her return to work. Jesse Gutierrez, a clerk at American Furniture Company for sixteen years, confirmed the two accidents and testified about their effect on Mrs. Garcia's ability to continue working. The custodian of Dr. King's medical records testified for the purpose of identifying certain records that were offered in evidence from the doctor's office. Dr. Hazarian testified concerning his three examinations of Mrs. Garcia and stated his physical and neurological findings. It was his opinion that her injuries were incapacitating, that she could not resume any type of occupation and that she could not pass a physical examination for employment.

### Verdict

The jury found that Mrs. Garcia sustained injuries on the two dates in question, that both were in the course of her employment and that the injury sustained in each accident was a producing cause of total and permanent incapacity. They also found that she incurred reasonable medical costs of $1,135.65 as a result of these injuries and that payment of compensation in weekly installments would result in manifest hardship and injury.

### Wage Rate

■ The initial complaints are as to the trial court's entering judgment when there were no jury findings as to wage rate. Mrs. Garcia pled a wage rate of $152.31 at the time of both accidents. No issue on wage rate was submitted to the jury and there was no objection as to the failure to submit wage rate issues. After the verdict, Appellee, with leave of court, filed a trial amendment to allege an average daily wage of $30.60 at the time of the first accident and $28.80 at the time of the second accident. The amendment was to conform the pleadings to the evidence at trial based upon Mrs. Garcia's testimony as to her hourly rate and the hours she worked per week, including overtime. We find no error in allowing the trial amendment

which was filed to make the pleading conform to the unobjected to evidence on wage rate. See: *Tom's Toasted Peanuts, Inc. v. Doucette*, 469 S.W.2d 399 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.), and *Myers v. Cliff Hyde Flying Service, Inc.*, 325 S.W.2d 841 (Tex.Civ.App.—Houston 1959, no writ). In the *Doucette* case, the trial court allowed an amendment to permit a damage recovery which the jury awarded in excess of the original pleadings. In *Myers*, the trial court denied a trial amendment to plead that a seller of an airplane agreed to keep it insured until the purchaser could obtain his own insurance. In each of these cases, one granting and one denying a trial amendment, the appellate court found no error. Both appellate courts obviously concluded that the trial court had wide discretion with regard to permitting the filing of a trial amendment. On two occasions, the Fort Worth Court of Appeals has held that it was an abuse of discretion to permit the granting of a trial amendment after a jury's verdict for the purpose of increasing the damages requested to meet the amount of damages found by the jury. *Winn-Dixie Texas, Inc. v. Buck*, 719 S.W.2d 251 (Tex.App.—Fort Worth 1986, no writ); *Burk Royalty Company v. Walls*, 596 S.W.2d 932 (Tex.Civ.App.—Fort Worth 1980), *aff'd.*, 616 S.W.2d 911 (Tex. 1981). In the case at bar, there were no jury findings on wage rate, but judgment was entered based upon the amended pleading. We conclude that the trial court had discretion to permit the filing of the trial amendment to make the pleadings conform to the evidence. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942).

■ Where the court has submitted one or more of the issues necessary to sustain a ground of recovery and omitted one or more other necessary issues and no objection is made, such omitted issue shall be deemed as found by the court in such manner as to support the judgment. Rule 279, Tex.R.Civ.P.; *Wilson v. Remmel Cattle Co. Inc.*, 542 S.W.2d 938 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). This rule applies with regard to wage rate issues in a workers' compensation case.

*Charter Oak Fire Insurance Company v. Barrett,* 655 S.W.2d 333 (Tex.App.—San Antonio 1983, no writ); *Bituminous Casualty Company v. Whitaker,* 356 S.W.2d 835 (Tex.Civ.App.—Eastland 1962, no writ). Points of Error Nos. One and Two are overruled.

### Medical Evidence

■ The next three points of error complain about admitting medical records and testimony and a finding on a medical bill. Appellant asserts medical records, letters and written reports by Dr. King were inadmissible. Clearly, letters written for purpose of advising as to a doctor's findings on examination and evaluation of a patient are hearsay. Rule 801(d), Tex.R.Evid., defines hearsay as including a statement, other than one made while testifying at the trial, which is offered to prove the truth of the matter asserted. Certainly the prior written letters were not statements made while testifying at the trial. Appellee argues that the records were admissible under Rule 803(4), Tex.R.Evid. That provision makes admissible the history the patient gave the doctor, it does not make admissible letters with a diagnosis based upon that history. But, the Appellant did not bring the exhibit with the medical records, letters and reports to this Court with the record from the trial court. Without knowing the content of the records, we cannot determine if they were admissible as business records or if any harm resulted from their being admitted into evidence. *Hinsley v. Continental Trailways Bus System,* 302 S.W.2d 668 (Tex.Civ.App.—Galveston 1957, no writ).

■ The complaint about Dr. Hazarian testifying when he never treated the patient is not valid. Prior to 1977, a doctor who only examined but did not treat could not testify as to an opinion based in part upon the history of the case as related by the patient. Since the decision in *Slaughter v. Abilene State School,* 561 S.W.2d 789 (Tex.1977), a nontreating doctor may base his findings and prognosis upon the history related by the patient and his physical examination and x-ray findings. The cases relied upon by Appellant were all decided prior to the *Slaughter* case. Points of Error Nos. Three and Four are overruled.

Point of Error No. Five concerning the bill of Dr. Hazarian has not been briefed and the point is waived. Rule 74(f), Tex.R. App.P.; *Golden Villa Nursing Home, Inc. v. Smith,* 674 S.W.2d 343 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

### Injurious Practice

■ The next complaint concerns the trial court's failure to submit requested issues as to the plaintiff's injurious practice. The defendant requested Special Issues 1 through 5 inquiring concerning a failure of the plaintiff to reduce her weight. There was testimony that she was overweight and that the treating doctor had recommended a loss of weight. Rule 279, Tex.R. Civ.P., provides that a failure to submit an issue shall not be deemed a ground for reversal of a judgment unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment. The requested issues are not substantially correct because four of the five have blanks that were never completed. In addition, the issues did not inquire if the plaintiff's failure to lose weight was willful, which is a required element of the injurious practice defense. *Austin Independent School District v. Maynard,* 711 S.W.2d 377 (Tex.App.—Austin 1986, no writ). Also, the record does not reflect that the requested issues were ever tendered. Although they contained a signature line for the judge to indicate that the issues were refused, there is no signature. See: *Hess v. American States Insurance Company,* 589 S.W.2d 548 (Tex.Civ.App.—Amarillo 1979, no writ). Point of Error No. Six is overruled.

### Subsequent Injury

■ Appellant's next point of error asserts the trial court erred in submitting issues as to two separate injuries and not submitting the case on the basis of the second injury. The application of Article

8306, sec. 12c, Tex.Rev.Civ.Stat.Ann., has caused considerable difficulty for both the bench and the bar. A review of the cases passing on this provision of the act shows considerable conflict and confusion. T.P. Sartwelle, Workers' Compensation, 32 Sw. L.J. 291 at 304–334. The present provision was enacted in 1977 after the earlier provision had been abolished in 1971. In order to reduce the recovery because of a previous injury, the carrier has the burden of proof to establish and obtain findings that (1) the previous injury was compensable, (2) it contributed to the present incapacity and (3) the amount or percentage of such contribution. *Transport Insurance Company v. Mabra*, 487 S.W.2d 704 (Tex.1972); *Texas Employers' Insurance Association v. Smith*, 592 S.W.2d 10 (Tex.Civ.App.— Texarkana 1979, no writ). In *Mathis v. Charter Oak Fire Insurance Company*, 707 S.W.2d 234 (Tex.App.—Tyler 1986, writ ref'd n.r.e.), issues were submitted, but found by the court to be erroneous. When, as in our case, no issues are submitted, the contribution defense is waived. Rule 279, Tex.R.Civ.P. Point of Error No. Seven is overruled.

### Sufficiency of the Evidence

■ Points of Error Nos. Eight, Nine and Fifteen assert the trial court erred in not granting the defendant's motion for judgment non obstante veredicto. A judgment non obstante veredicto can only be entered if a directed verdict would have been proper. Rule 301, Tex.R.Civ.P. In acting on such a motion, all evidence must be considered in a light most favorable to support the jury verdict, and every reasonable intendment deducible from the evidence is to be indulged in favor of the verdict. *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex.1974); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962). Dr. Hazarian testified Mrs. Garcia's low back problems arose from the accident in March, 1980. He said the subsequent accident in April, 1981, made her condition worse and that the injuries which he had described to her back and knee were incapacitating and were permanent. No questions were asked to determine the percentage of incapacity

which the injury sustained in the first accident contributed to the incapacity existing after the second injury. The mere fact that a claimant has returned to work after her injury does not, in and of itself, preclude a finding of total and permanent incapacity. *Liberty Mutual Fire Insurance Company v. Lynch*, 624 S.W.2d 698 (Tex. App.—El Paso 1981, no writ). The evidence supports the jury findings, and Appellant was not entitled to a directed verdict and the court did not err in overruling the motion for judgment non obstante veredicto. Points of Error Nos. Eight, Nine and Fifteen are overruled.

### Prior Injuries

■ The next two complaints are with regard to the trial court's instructions and evidentiary rulings which limited consideration of prior injuries to those which were compensable injuries. In *St. Paul Fire & Marine Insurance Company v. Murphree*, 163 Tex. 534, 357 S.W.2d 744 (1962), the Court said:

> We hold that the word injury, as used in Section 12c, Article 8306, Vernon's Annotated Civil Statutes, as related to a general injury, means compensative injury. Unless the prior general injury is one for which compensation is provided under the terms of the statute, the insurer's or carrier's liability cannot be reduced by reason thereof.

This rule has been criticized as resulting in discrimination and not in keeping with the original legislative intent. T.P. Sartwelle, Workers' Compensation, 32 Sw.L.J. 291 at 320–327 (1978). Nevertheless, it remains the law which we must follow. Points of Error Nos. Ten and Twelve are overruled.

### Lump Sum

■ Appellant contends in Point of Error No. Eleven that the trial court erred in submitting a special issue on payment of compensation in weekly installments resulting in manifest hardship and injury to the claimant and in failing to grant a motion for judgment non obstante veredicto on this issue. The trial court may refuse to submit a special issue or grant judgment

non obstante veredicto only if there is no evidence on the issue in dispute. *Brown v. Goldstein,* 685 S.W.2d 640 (Tex.1985); Rule 301, Tex.R.Civ.P. In a "no evidence" point, we only look to the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). In this case, Mrs. Garcia went back to work because of her husband's two operations and family bills which were unpaid. She had not had various tests performed as recommended by Dr. Hazarian because of the lack of money to pay for the additional medical care. Appellant cites in its brief evidence as to the family's assets and income. That argument might prevail under a "great weight" point of error, but that evidence cannot be considered under the no evidence point which we have before us. Point of Error No. Eleven is overruled.

### Jurisdiction of Trial Court

■ Appellant alleges the trial court erred in not granting its motion for a mistrial because the Appellee did not allege facts to show the jurisdiction of the trial court. The first amended original petition alleged as to each action the date it occurred, that the claimant was an employee of American Furniture Company, was in the course and scope of her employment and that she would not be able to obtain and retain employment for 401 weeks. She also alleged her wage rate and a need for lump sum payments. In addition, she alleged all of the requirements for the court to have jurisdiction including each of the matters set forth in Rule 93, para. 13, Tex.R.Civ.P. We conclude the trial court had jurisdiction to hear the case.

The Appellant did deny under oath that the claim was not filed with the Industrial Accident Board within six months after the injury as required by Article 8307, sec. 4a, Tex.Rev.Civ.Stat.Ann., and there was no finding by the jury on this disputed issue. But, that does not go to the question of jurisdiction, but only the right to recover, and is a fact issue for the jury unless only one reasonable conclusion can be reached from the evidence. *LeBlanc v. Maryland American General Ins. Co.,* 601 S.W.2d 750 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Texas Employers Insurance Association v. Doss,* 301 S.W.2d 473 (Tex. Civ.App.—Austin 1957, writ ref'd n.r.e.). Nevertheless, there is no point of error relating to the late filing of these claims. Point of Error No. Thirteen is overruled.

### Joinder of Husband

■ Appellant also contends the trial court erred in not granting a mistrial after it pled Mrs. Garcia was married during the time she claimed to have sustained a loss of earning capacity and her husband was not joined as a party. This Court sustained a similar contention in *Travelers Insurance Company v. Jacks,* 441 S.W.2d 312 (Tex. Civ.App.—El Paso 1969, no writ). Two years later, the Supreme Court in *Few v. Charter Oak Fire Insurance Company,* 463 S.W.2d 424 (Tex.1971), held that a husband was not an indispensable party in a wife's suit to recover workmen's compensation benefits arising out of her own injury. We also note that although Appellant filed a special exception for failure to join the husband, there is no sworn plea as to a defect of parties as required by Rule 93, para. 4, Tex.R.Civ.P. Point of Error No. Fourteen is overruled.

### Trial on Wrong Theory

■ In Points of Error Nos. Seventeen and Eighteen, the contention is presented that the trial court awarded a greater recovery than the pleadings and evidence would support and that the case was tried on the wrong theory and not fully developed. The statement and argument under these points are very general and point to no specific error in the trial of the case. We recognize that perhaps counsel did not fully cross-examine Dr. Hazarian about which accident caused what incapacity, that there was no request for special issues on contribution from a prior contributing injury, and that all of the exhibits were not brought forward on appeal, but this does not show the case was tried on the wrong theory or not fully developed so as to entitle the Appellant to a new trial. Points of

Error Nos. Seventeen and Eighteen are overruled.

*Passion and Prejudice*

■ Appellant asserts in Point of Error No. Sixteen that the trial court erred in not granting a new trial because the jury was motivated by passion, prejudice and improper motives. In the last point, it is contended that the cumulative effect of errors resulted in an improper verdict. We recognize that it is rare that the same claimant is found to be totally and permanently incapacitated on two separate occasions, and even more so when the injuries are only a year apart. But, submission of issues on contribution from a prior compensable injury is designed to relieve that situation. Here, those issues were not requested. There is no cumulative error, and we find no evidence of improper motives by the jury. Points of Error Nos. Sixteen and Nineteen are overruled.

The judgment of the trial court is affirmed.