736 S.W.2d 812 (1987)
HOME INSURANCE COMPANY OF INDIANA, Appellant,
v.
Trinidad S. BANDA, Appellee.
No. 04-86-00280-CV.
Court of Appeals of Texas, San Antonio.
July 22, 1987.
Rehearing Denied September 22, 1987.
*813 Stephen F. White, San Antonio, for appellant.
Jerald L. Abrams, Eagle Pass, for appellee.
Before BUTTS, DIAL and CHAPA, JJ.

OPINION
BUTTS, Justice.
Home Insurance Company of Indiana appeals a judgment awarding Trinidad S. Banda compensation under the workers' compensation statute. TEX.REV.CIV. STAT.ANN. art 8306 et seq. (Vernon 1967).
On November 9, 1982, Banda fell from a truck while working for the City of Eagle Pass sanitation department. On November 14, 1982, he suffered a heart attack. The jury found that Banda received an injury on November 9, 1982, during the course of his employment, that the injury was a producing cause of total incapacity beginning November 14, 1982, and the duration of the total incapacity was permanent.
Appellant argues the record contains no evidence, or, alternatively, insufficient evidence including a "great weight and preponderance" point, that the fall on November 9 was a producing cause of Banda's heart attack on November 14. Appellant relies on the testimony of two doctors who stated that in their opinion the fall had nothing to do with Banda's heart attack. Appellant similarly challenges the finding that Banda received an injury on November 9.
However, the record contains the testimony of a third doctor, Dr. Arturo E. Batres, who treated Banda on November 11 and again on November 14, that in his opinion, based upon a reasonable medical probability, the fall "very likely triggered" Banda's heart attack on November 14. *814 Also in evidence is a memorandum written by Dr. Batres on November 14 which includes the following:
This 54 year old male (sic) presented to the emergency room on the night of present hospital admission because of chest pain. The patient reportedly had been well until five days prior to present hospital admission when he fell at work and began to experience left chest pain, this would last only a few minutes and then disappear. Two days prior to present hospital admission the patient developed pain in the back of his neck and was found to be hypertensive. On the day prior to present hospital admission the patient developed chest pain which would not go away. Because this did not clear after some home remedies (sic) the patient (sic) presented to the emergency room at night because of continued chest pain. (Emphasis added).
Further, the record contains a letter dated January 26, 1983, from Dr. Batres to Home Insurance Company stating, in part:
In a letter you sent me in December, you asked my opinion as to the relationship between the patient's heart attack to his fall on November 8th (sic). . . .

* * * * * *
When I saw the patient on November 11, 1982 he said that his chest pain had started two days before on November 9th. He didn't say anything about a fall then. When I learned that he fell at work on November 9th, I asked him about the fall and he said that the chest pain had started then. It did not last for a long time. By the 13th of November, the chest pain was more severe and remained.

* * * * * *
Development of chest pain immediately with the stress and strain of fall indicates increase in oxygen demands of heart setting off myocardial infarction. . . .
Dr. Batres' opinions provided a basis for the fact issue of causation. The jury thus had before it sufficient evidence to reasonably find that Banda's heart attack resulted from his fall at work. See Webb v. Western Casualty & Surety Company, 517 S.W.2d 529 (Tex.1974); Insurance Company of North America v. Kneten, 440 S.W.2d 52, 54 (Tex.1969); Western Casualty & Surety Company v. Gonzales, 506 S.W.2d 303, 312 (Tex.Civ.App.Corpus Christi 1974), aff'd, 518 S.W.2d 524 (Tex. 1975).
Appellant also argues that there was no evidence or, alternatively, insufficient evidence that Banda's heart attack was a producing cause of total and permanent incapacity and that the jury finding to that effect was so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.
At the time of trial Banda was fifty-seven years old. He had one year of schooling and neither spoke nor understood English. His work history prior to his heart attack was limited exclusively to jobs requiring heavy physical labor. Banda worked as a migrant laborer until 1974 when he began employment in the sanitation department of the City of Eagle Pass, a job requiring heavy lifting.
Following his heart attack and subsequent open-heart surgery in February 1983, Banda returned to work in May, 1983, and was restricted to light duties. He was hospitalized again in June. In September, the City abolished the sanitation department. However, the City re-hired Banda in December 1983. At the time of trial he was working as a dog catcher. Banda said he still felt weakness in his left arm.
At trial Dr. Batres testified that, based on his examinations and upon reasonable medical probability, "I don't think he will ever be able to do heavy-type work." Dr. Batres further testified that, as of the last time he examined him, Banda's heart condition was, in his opinion, a "permanent condition."
The record also contains a memorandum prepared on December 3, 1982, at the Nix Memorial Hospital in San Antonio, while Banda was in the care of Dr. Clyde Wagner, which states, "Longterm outlook is very guarded. It (sic) probable that because of the magnitude of this infarct (sic) *815 that he may never be able to return to work again."
The evidence showed that the only kind of work Banda had done before his heart attack was heavy physical labor. There was also evidence from two doctors that Banda would never be able to perform heavy labor again. The fact that Banda was earning money performing lighter work does not operate to preclude a jury finding that his injury was total and of permanent duration.
The term "total and permanent incapacity" does not imply that a worker must be unable to perform any kind of labor in order to recover the maximum benefits under the statute. Article 8306, et seq.; Texas Employers' Insurance Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000 (1944). As this Court recently held:
A claimant need not show economical loss because of the injury; the fact that he continues to work and earn money is but one factor to be considered. [Citations omitted]. . . . The definition of total incapacity does not require that an injured person be reduced to a condition of complete and abject helplessness [in order to recover benefits for a total and permanent injury].
City of San Antonio v. Miranda, 683 S.W.2d 517, 520 (Tex.App.San Antonio 1984, no writ); Texas General Indemnity Co. v. Cox, 544 S.W.2d 766, 768 (Tex.Civ. App.Dallas 1976, no writ).
Applying the appellate standards of review set out in Glover v. Texas General Indemnity Co., 619 S.W.2d 400, 401 (Tex. 1981) and In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951), see also, Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 TEX.L. REV. 361 (1960), we hold the evidence in this case was sufficient, both legally and factually, to support the jury's verdict. The first six points of error are overruled.
Appellant next asserts the trial court erred in allowing Dr. Batres to answer a hypothetical question because the question contained a fact not then in issue. In deposition interrogatories to the doctor, Banda's counsel posed the following question which was read at trial:
Assuming the fact of Mr. Banda's fall from the truck on November 9th, 1982, and assuming the fact that as soon as he fell he felt chest pain for the first time in his life, would you have an opinion, based upon reasonable medical probability, whether that chest pain in this man's case was related to the fall?
Banda's counsel propounded at least four hypothetical questions like this one. Appellant objected that the questions assumed facts not yet in evidence, contending on appeal the trial court erred in overruling the objections. However, the question and other similar questions were proper under the present Texas Rules of Evidence which no longer require facts upon which an expert bases his opinion to be in evidence at the time the question is propounded to the expert. TEX.R.EVID. 705. Moreover, Banda later introduced evidence that his chest pain began immediately after his fall. Point of error seven is overruled.
Appellant next claims the record lacks proof of medical expenses reasonably required as the result of an accidental injury suffered on the job. Prior to trial, appellant stipulated to the following:
[T]he reasonableness and the necessity of the medical charges incurred at the hands of the health care providers as to the treatment of Mr. Banda's heart condition after November 11th, 1982, and in particular we will stipulate to the reasonableness and the necessity of the medical charges that Mr. Banda incurred with Dr. Batres, Maverick County Hospital District, Nix Memorial Hospital, Dr. Wagner, Dr. Zorilla and Dr. Eades, and also Santa Rosa Medical Center, where his surgery was performed in February of '83. . . . [W]e will so stipulate, your Honor, that they are reasonable and necessary as a result of his heart condition.
Although appellant did not stipulate that these expenses were caused as a result of a work-related injury, the jury found that Banda's heart condition was caused by his fall while on the job. The stipulation and the jury's verdict that the fall was a producing *816 cause of total incapacity support the award of medical expenses. Points of error eight and nine are overruled.
Appellant further complains the trial court erred by excluding evidence of Banda's election of inconsistent remedies, by failing to submit special issues concerning election of remedies, and by failing to find as a matter of law that Banda made an informed election (points of error ten, eleven, and twelve). However, appellant agreed not to submit any evidence on this issue to the jury. Instead, appellant agreed to submit the evidence to the trial court and abide by its ruling. Therefore, appellant cannot now complain the court erred in not submitting the evidence to the jury or in failing to submit special issues on election of remedies. Appellant specifically waived these rights. See Southwestern Bell Telephone Co. v. Thomas, 554 S.W.2d 672, 674 (Tex.1977). Further, appellant failed to request findings of fact and conclusions of law from the trial court. Consequently, we must uphold the trial court's ruling if there is evidence to support it. Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978).
Evidence shows that two insurance policy premiums were paid by the City of Eagle Pass: a group health policy, and a Workers' Compensation policy. Banda demonstrated confusion over which policy covered what. He stated he never indicated to anyone that the heart problem was not work-related. We cannot find that the trial court's ruling was manifestly unjust, given Banda's testimony of what he knew when he filed his claims. A choice between inconsistent remedies, rights or states of facts does not amount to an election which will bar further action unless the choice is made with a full and clear understanding of the problem, facts, and remedies essential to the exercise of an informed, intelligent choice. Home Insurance must show that Banda made an informed, intelligent choice. Bocanegra v. Aetna Life Insurance Co., 605 S.W.2d 848, 851 (Tex.1980).
The trial court heard sufficient evidence upon which to base its ruling that Banda was not barred to bring suit under the Workers' Compensation Act. The three points are overruled.
Banda brings a cross-point[1] as appellee: that his motion requesting prejudgment interest on medical expenses which were awarded and his motion after judgment requesting the same relief should have been granted by the trial court. The matter was brought to the trial court's attention by two motions. While the preferred procedure is to plead specifically for prejudgment interest in appropriate cases, addressing the matter in a motion prior to entry of judgment and in a motion after judgment will suffice to request the relief. See, Benavidez v. Isles Construction Company, 726 S.W.2d 23 (Tex.1987); Allright, Inc. v. Pearson, 735 S.W.2d 240 (Tex.1987).
Article 8306a of the Workers' Compensation Act does not address statutory prejudgment interest accruing on past medical expenses. The reference to "... past due weekly installments ..." clearly limits the application of the statutory prejudgment interest of 4% to past due payments of compensation. Martinez v. Highlands Insurance Co., 644 S.W.2d 442 (Tex.1982).
In the present case the amount of unpaid medical expenses is not in dispute. Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549 (Tex.1985) limited the recovery of prejudgment interest to accrued damages but did not specify inclusion of this kind of damages in workers' compensation cases. But see Standard Fire Insurance Co. v. Morgan, 718 S.W.2d 880, 882 (Tex.App.Beaumont 1986, writ granted). Since the Legislature has not spoken to this point to indicate that prejudgment interest on past medical expenses is proper in this statutory proceeding, we decline to hold that prejudgment interest for the past medical expenses may be granted. We accordingly deny the cross-point.
The judgment is affirmed.
DIAL, J., dissents with opinion. *817 DIAL, Justice, dissenting.
This is an appeal from a trial court judgment awarding Trinidad S. Banda damages for total and permanent disability under the workers' compensation statute, TEX. REV.CIV.STAT.ANN. art. 8306 et seq. (Vernon 1967). Appellee, Trinidad Banda, while working for the City of Eagle Pass in the sanitation department, alighted from a truck, but missed the bottom step of the truck and fell to the ground. Five days later, Banda suffered a heart attack, after which he underwent open heart surgery. Banda returned to work, but because the city abolished the sanitation department, he was laid off. Another department of the city hired Banda through a temporary program and, at the time of the trial, he was working on a permanent basis in the city's animal control department.
Banda brought suit to recover for total and permanent incapacity under the workers' compensation statute. In response to special issues, the jury found that Banda received an injury on November 9, 1982, during the course of his employment for the City of Eagle Pass, that such injury was a producing cause of total incapacity which began November 14, 1982, and is of permanent duration. Because the jury found the duration of the incapacity to be permanent, the court instructed them not to answer the remaining issues concerning the existence and dates of duration of partial incapacity. The trial court entered judgment in accordance with these findings. I disagree with the holding of the majority that approves the jury findings.
In order for Banda to recover for total incapacity, he must prove by a preponderance of the evidence that his disability is not merely partial. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, 282 (1942); Lumbermen's Mutual Casualty Co. v. Villalpando, 605 S.W.2d 705, 707-08 (Tex.Civ.App.Corpus Christi 1980, no writ); TEX.REV.CIV.STAT.ANN. art. 8306, § 11a (Vernon 1967). In reviewing the evidence, we must keep in mind that the purpose of the Workers' Compensation Act is to compensate an injured employee for a loss of earning capacity and not for the loss of earnings or for injuries sustained. Employers Reinsurance Corp. v. Holland, 162 Tex. 394, 347 S.W.2d 605, 606 (1961); Liberty Mutual Fire Insurance Co. v. Lynch, 624 S.W.2d 698, 700 (Tex.App.El Paso 1981, no writ). The fact that a claimant has returned to work after the injury does not, alone, preclude a finding of total and permanent incapacity. Liberty Mutual Fire Insurance Co. v. Lynch, 624 S.W.2d at 701. This presents a question of fact to be considered by the jury in passing on the extent and the duration of the injury. Select Insurance Co. v. Boncher, 551 S.W.2d 67, 72 (Tex.Civ.App. Houston [1st Dist.] 1977), aff'd, 561 S.W.2d 474 (Tex.1978).
The jury was charged as follows: "TOTAL INCAPACITY" does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual tasks of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment.
This has long been recognized as a legally correct definition in this jurisdiction. Texas Employers' Insurance Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1002 (1944); City of San Antonio v. Miranda, 683 S.W.2d 517, 520 (Tex.App.San Antonio 1984, no writ). Under this definition, it is not sufficient to simply show that the worker is disabled or that the disability prevents the worker from performing the usual tasks of a worker. It must be shown that the worker is disabled to such an extent that he cannot get and keep employment. Commercial Insurance Co. of Newark, New Jersey v. Puente, 535 S.W.2d 948 (Tex.Civ.App.Corpus Christi 1976, writ ref'd n.r.e.). Banda had the burden of proving that he was totally incapacitated, that the duration of the incapacity was permanent, and that the disability prevents him from getting and keeping employment. I would hold that he did not carry the burden sufficiently.
There is no evidence that Banda is unable to obtain and keep employment. The evidence shows that Banda is now doing a *818 job with somewhat lighter duties than that required prior to his accident. Banda has worked continuously since his release from the hospital. He works for the animal control department of the City of Eagle Pass. Among his duties are washing dog pens, picking up animals and placing them in a truck, and sometimes running after an animal to catch it. Banda's supervisor stated that Banda never complains of chest pains, does his job well, and has been a good employee.
There is no evidence that Banda's employers are dissatisfied with the job he is doing. There is no evidence that Banda is unable to do the work required on his new job as dog catcher. There is no evidence that Banda retains his job only because others assist him in the performance of his duties or due to the sympathy of his employers. There is no evidence that Banda continues to work out of economic necessity. There is evidence that Banda is unable to do "heavy labor" and that he will never be able to do such work. In short, the evidence establishes that Banda is able to and indeed has procured and retained employment and that he is able to do the usual tasks of a workman. At most, Banda's evidence tends to prove that he suffered a total temporary disability immediately after the fall which subsequently evolved into a permanent partial disability. He is now able to do only lighter work than that which he used to do, but can get and keep employment suitable to his condition. Such evidence is insufficient to support a jury finding of total and permanent incapacity.
Though there is some evidence concerning Banda's incapacity, I am convinced that it is insufficient, and the jury's finding of total and permanent incapacity is so against the great weight and preponderance of the evidence as to be manifestly unjust. I therefore would reverse the judgment of the trial court and remand the cause to the trial court for a new trial.
NOTES
[1] Banda has other cross-points, encompassing pre-submission motions and previous orders of this Court. The motions were carefully considered and ruled upon. We will not reconsider them.