# NO. 12-15-00121-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARRY L. ROLLINS AND CARLA D. ROLLINS,*<br>*APPELLANTS* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TEXAS COLLEGE AND MPF INVESTMENTS, LLC D/B/A "A-1 RENT ALL",*<br>*APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Garry L. Rollins and Carla D. Rollins appeal the trial court's summary judgments granted against them in favor of Texas College and MPF Investments, LLC d/b/a "A-1 Rent All." They present three issues on appeal. We affirm.

## BACKGROUND

Garry Rollins was employed by Texas College as a maintenance technician and supervisor. In October 2013, the college rented two scissor lifts to be used in performing repairs in the gymnasium. One of those lifts was rented from MPF. Garry fell while dismounting one of the lifts following completion of the repair work. After the fall, Garry sought medical treatment and had surgery for a neck injury.

The Rollinses sued Texas College and MPF for damages they assert are a result of Garry's fall from the scissor lift's platform. They alleged Texas College was a nonsubscriber to worker's compensation and was negligent. Specifically, the Rollinses claimed Texas College failed in its duty to (1) provide a reasonably safe workplace; (2) furnish reasonably safe machinery or reasonably safe personal protective equipment for use with the scissor lift; (3)

provide adequate help in the performance of the work; (4) train and/or properly supervise Garry while using the lift; and (5) ensure that Garry was fit to perform work on a scissor lift. Garry alleged that he was diagnosed with syncope, an illness that causes blackouts, following an incident in which he coughed and sneezed while attempting to lift a marble slab in September 2013. According to Garry, he was ordered to use the scissor lift to patch the gymnasium ceiling even though he told his supervisor that he was afraid of heights and his supervisor knew about his syncope.

The Rollinses alleged MPF was negligent in failing to train Texas College's employees regarding use of the scissor lift and by failing to include an owner's manual in the scissor lift's compartment box. They also alleged MPF was liable for negligent entrustment.[1] Carla Rollins asserted derivative claims against both Texas College and MPF.

Texas College and MPF each moved for traditional and no evidence summary judgments. They also moved to strike portions of the summary judgment evidence attached to the Rollinses' responses. The trial court sustained the objections and granted the motions without a hearing. The Rollinses filed a motion to reopen the evidence, which was denied. This appeal followed.

### MOTIONS TO STRIKE

As part of their first and second issues, the Rollinses allege that certain summary judgment evidence was improperly stricken.[2]

**Standard of Review**

Evidence offered in response to a motion for summary judgment must be admissible under the rules of evidence to the same extent that would be required at trial. *See* TEX. R. CIV. P. 166a(f); *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). Decisions about the admissibility of evidence are left to the sound discretion of the trial court. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 42 (Tex. 1998). We gauge abuse of discretion by whether the trial court acted without reference to any guiding rules or principles. *Longoria*, 938 S.W.2d at 30.

---

[1] The Rollinses are not asserting negligent entrustment on appeal.

[2] The Rollinses complain that several pieces of summary judgment evidence were improperly stricken. However, we address only the evidence pertinent to our review. *See* TEX. R. APP. P. 44.1 (reversible error if probably caused rendition of improper judgment); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995) (exclusion of evidence only harmful if probably caused rendition of improper judgment), 47.1.

2

**Analysis**

The Rollinses' response to Texas College's no evidence motion for summary judgment included a letter to the Rollinses' attorney from Dr. Samuel Barnett, the physician who performed Garry's neck surgery. The letter described Dr. Barnett's evaluation of Garry and his diagnosis. The Rollinses offered no other causation evidence in response to the college's no evidence motion for summary judgment. Texas College objected that the letter was inadmissible hearsay, and the trial court sustained the objection. On appeal, Garry argues the letter is admissible under Texas Rule of Evidence 803(4).

Hearsay is any statement, other than one made while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Rule 803(4) is an exception to this general rule that permits admission of statements (1) made for, and reasonably pertinent to, medical diagnosis or treatment; and (2) describing medical history; past or present symptoms or sensations; their inception; or their general cause. TEX. R. EVID. 803(4). Letters written for the purpose of advising as to a doctor's findings on examination and evaluation of a patient are hearsay. *Nw. Nat'l Ins. Co. v. Garcia*, 729 S.W.2d 321, 325 (Tex. App.—El Paso 1987, writ ref'd n.r.e.). Rule 803(4) makes admissible the history the patient gave the doctor, not letters based upon that history. *See Garcia*, 729 S.W.2d at 325; *see also* TEX. R. EVID. 803(4). Therefore, Dr. Barnett's letter was inadmissible hearsay, and the trial court did not abuse its discretion in striking it. We overrule the portions of the Rollinses' first and second issues that pertain to the exclusion of Dr. Barnett's letter.

## MOTIONS FOR SUMMARY JUDGMENT

Also in their first and second issues, the Rollinses allege the trial court erred in granting Texas College's and MPF's motions for summary judgment.

**Standard of Review**

The standard for reviewing a traditional summary judgment is well-established. The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See*

***Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See **City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678-79 (Tex. 1979). Generally, a trial court may not consider summary judgment evidence not referenced in or incorporated into the motion. ***Fed. Home Loan Mortg. Corp. v. Pham***, 449 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claims. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See **Ford Motor Co. v. Ridgway,*** 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. ***King Ranch, Inc. v. Chapman***, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. ***Id***. at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. ***Id***. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. ***Id***.

In determining whether an appellant has raised more than a scintilla of evidence regarding the grounds on which a no evidence motion for summary judgment was based, we are limited to the summary judgment proof produced in the response. *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 408 (Tex. App.—Tyler 2008, no pet.). When presenting summary judgment proof in response to a no evidence motion, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. ***Id***. Referencing attached documents only generally does not relieve a respondent of directing the trial court to where in such documents the issues set forth in the response are raised. ***Id***. Neither this court nor the trial court is required to wade through a voluminous record to marshal a respondent's

proof. *Id*. We also are not free to search the entire record, including materials not cited to or relied on by the trial court. *Id*.

In both traditional and no evidence summary judgment motions, we review the record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

When a party moves for both a traditional and no evidence summary judgment, we first review the trial court's summary judgment under the no evidence standards of Rule 166a(i). *Ridgway*, 135 S.W.3d at 600. If the no evidence summary judgment was properly granted, we do not reach the arguments made in the traditional motion for summary judgment. *See id*. at 602.

**Applicable Law**

Texas College is a nonsubscriber to workers' compensation. Therefore, the Rollinses must establish Texas College was negligent. *See* TEX. LAB. CODE ANN. § 406.033(d); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The Rollinses also alleged that MPF was negligent. To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger*, 197 S.W.3d at 794. Proximate cause consists of cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Proximate cause cannot be established by mere conjecture, guess, or speculation. *Id*.

Lay testimony is sufficient to establish causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex.1984). Lay testimony that establishes a sequence of events providing a "strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Id*. This type of evidence supports a causation finding between the accident and basic physical conditions when the conditions (1) are within the common knowledge and experience of laypersons, (2) did not exist before the accident, (3) appeared after and close in

5

time to the accident, and (4) are within the common knowledge and experience of laypersons. ***Guevara v. Ferrer***, 247 S.W.3d 662, 667 (Tex. 2007). However, expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors. ***Id***. at 665.

**Analysis**

As part of its no evidence motion, Texas College alleged the Rollinses had no evidence supporting causation. Specifically, the college contended there was no evidence that Garry's injuries were caused by his fall from the scissor lift. It is undisputed that Garry suffered from a neck injury and underwent neck surgery prior to his fall. It is also undisputed that the previous injury is similar to the injury complained of in this suit. Therefore, the Rollinses were required to present expert testimony linking Garry's latest neck injury and neck surgery to his fall from the scissor lift. *See* ***State Office of Risk Mgmt. v. Adkins***, 347 S.W.3d 394, 400-01 (Tex. App.—Dallas 2011, no pet.) (expert testimony required to establish aggravation of preexisting medical condition). However, the Rollinses provided only a letter from Garry's treating physician, Dr. Barnett. Texas College objected that the letter was inadmissible hearsay. The trial court sustained the objection and struck the letter. Because the only evidence linking Garry's neck injury and neck surgery to the fall was stricken by the trial court, the Rollinses presented no evidence of causation. Therefore, the trial court did not err in granting Texas College's no evidence motion for summary judgment.

MPF asserted, in part, in its no evidence motion for summary judgment that the Rollinses had no evidence that Garry fell from the lift Texas College rented from MPF. On appeal, the Rollinses failed to challenge this summary judgment ground in their brief. When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. ***Star-Telegram, Inc. v. Doe***, 915 S.W.2d 471, 473 (Tex. 1995). If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. ***Jarvis v. Rocanville Corp.***, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). However, even if the Rollinses had challenged this ground on appeal, they could not prevail because they presented no summary judgment evidence that Garry fell from the lift Texas College rented from MPF. In fact, the only evidence presented to the trial court demonstrates

that Garry fell from a lift other than the one rented from MPF. Because there is no evidence that Garry fell from MPF's scissor lift, there is no evidence that MPF caused any of Garry's injuries.

We overrule the remaining portions of the Rollinses' first and second issues.

MOTION TO REOPEN

In their third issue, the Rollinses contend the trial court erred when it denied their motion to reopen the evidence.

**Standard of Review**

We review the denial of a motion to reopen the evidence under an abuse of discretion standard. ***Poag v. Flories***, 317 S.W.3d 820, 827 (Tex. App.—Fort Worth 2010, pet. denied). Texas Rule of Civil Procedure 270 allows a trial court to permit additional evidence when it clearly appears necessary to the administration of justice. TEX. R. CIV. P. 270. However, the rule does not require a court to permit additional evidence. ***Poag***, 317 S.W.3d at 828. In determining whether to permit additional evidence, a court should consider whether (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) reception of such evidence will cause undue delay; and (4) granting the motion will cause injustice. ***Id.*** The decision to reopen a case is within the trial court's sound discretion. ***Id.*** A "trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion." ***Id.*** (citing ***Lopez v. Lopez***, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi 2001, no pet.)). To show diligence, a party must establish either that the evidence was previously unavailable or that the party had no opportunity to present the proof to the court before judgment. *See **Moore v. Jet Stream Invs., Ltd.***, 315 S.W.3d 195, 201-02 (Tex. App.—Texarkana 2010, no pet.); ***Hernandez v. Lautensack***, 201 S.W.3d 771, 779 (Tex. App.—Fort Worth 2006, pet. denied).

**Analysis**

After the no evidence summary judgments were granted, the Rollinses moved to reopen the evidence and sought to introduce an affidavit from Dr. Barnett because his letter had been stricken by the court. The Rollinses urge that they were diligent in obtaining the affidavit because they did so a mere six days following the granting of summary judgment. Therefore, they contend the trial court abused its discretion in denying their motion to reopen the evidence.

7

The Rollinses' request to reopen the evidence was an attempt to remedy the exclusion of Dr. Barnett's letter because of its inadmissibility—a fact they admit in their motion to reopen. However, the Rollinses have not shown that the information contained in the affidavit was unavailable prior to the granting of the no evidence summary judgments. The Rollinses also failed to show that they did not have an opportunity to present the evidence to the trial court. To the contrary, Dr. Barnett's affidavit contains the same information as his letter. And the letter itself demonstrates that the information was available eight months prior to the granting of the summary judgments. Therefore, the trial court did not abuse its discretion when it denied the Rollinses' motion to reopen the evidence to allow the introduction of Dr. Barnett's affidavit. We overrule the Rollinses' third issue.

### DISPOSITION

Having overruled the Rollinses' three issues, we *affirm* the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered July 12, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 12, 2016

NO. 12-15-00121-CV

**GARRY L. ROLLINS AND CARLA D. ROLLINS,**
Appellant
V.
**TEXAS COLLEGE AND MPF INVESTMENTS, LLC D/B/A "A-1 RENT ALL",**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 13-3353-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **GARRY L. ROLLINS AND CARLA D. ROLLINS,** for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*