In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00357-CV
_____

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Appellant

V.

ANDY ALFRED, Appellee

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 36045

**MEMORANDUM OPINION**

Appellant Allstate Fire and Casualty Insurance Company ("Allstate") appeals the trial court's judgment awarding Andy Alfred $13,559.15 in damages for injuries Alfred sustained in an automobile accident. In issue one, Allstate complains that the trial court erred by denying its request to apply an offset to the jury's award of damages for personal injury protection ("PIP") benefits it paid to Alfred prior to trial.

In issue two, Allstate argues that the trial court erred by denying its motion to reopen the evidence. We affirm the trial court's judgment.

BACKGROUND

Alfred had automobile insurance with Allstate when he was involved in a hit and run accident. Alfred's insurance policy included uninsured/underinsured motorist coverage and personal injury protection in the amount of $10,000. The policy contained a non-duplication of benefits clause which precluded the recovery of uninsured motorists benefits for amounts paid under the PIP provision. Alfred filed suit against Allstate for uninsured motorist benefits, and in his amended petition, he added a claim for PIP benefits. In its original answer, Allstate claimed a credit for "any PIP benefits payments made."

The case was tried to a jury, and the parties offered evidence on the issues of liability and damages. On April 23, 2018, the jury found that the hit and run driver was one hundred percent negligent and that Alfred sustained damages in the amount of $13,559.15. On May 4, Alfred filed a motion for entry of judgment on the jury's verdict and asserted that Allstate had waived its right to any offset claim. According to Alfred, Allstate was not entitled to an offset because it failed to present any evidence on the issue during the trial and failed to request a jury question on the affirmative defense. Allstate filed a response to Alfred's motion for entry of

2

judgment, arguing that it was entitled to a credit under the policy's non-duplication of benefits clause, because prior to trial, it paid Alfred $10,000 in PIP benefits. On June 4, 2018, forty-two days after the jury returned its verdict and before the entry of judgment, Allstate offered an affidavit from its adjuster who handled Alfred's claim, as well as an email from the adjuster to Allstate's trial counsel which included copies of cancelled checks and electronic fund transfers, to show that it paid Alfred $10,000 in PIP benefits. The trial court entered judgment in favor of Alfred in the amount of $13,559.15.

On July 13, 2018, Allstate filed a motion to correct a clerical error in the judgment, arguing that the date of the trial judge's signature contained in the judgment was incorrect. On July 26, 2018, the trial court issued a judgment *nunc pro tunc*, finding that the date of the signature in the judgment was erroneous and denying all other relief. On August 10, 2018, Allstate filed a motion to modify the judgment or, in the alternative, a motion to reopen evidence pursuant to Rule 270 of the Texas Rules of Civil Procedure, arguing that the trial court erred by entering judgment for the full amount of the jury's verdict, because at the entry of judgment, it had offered uncontroverted evidence that it was entitled to an offset. The trial court denied Allstate's motion to modify the judgment and its motion to reopen evidence. Allstate appealed.

ANALYSIS

In issue one, Allstate complains that the trial court erred by denying its request to apply an offset to the jury's award of damages for PIP benefits it paid to Alfred prior to trial. According to Alfred, Allstate waived its right to claim an offset for PIP payments by failing to offer any evidence of such payments at trial and by failing to obtain a jury finding on the issue.

A claim for an offset is an affirmative defense. *Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 60 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The party asserting an affirmative defense bears the burden to plead, prove, and secure findings on the defense. *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980); *Superior Broadcast Prods. v. Doud Media Group, L.L.C.*, 392 S.W.3d 198, 205 (Tex. App. —Eastland 2012, no pet.); *see also* Tex. R. Civ. P. 94. An affirmative defense is waived when no evidence is presented at trial and no request is made for a jury instruction on the affirmative defense. *Superior Broadcast Prods.*, 392 S.W.3d at 205. A party's failure to request a jury instruction on an affirmative defense results in waiver of that ground unless the issue was conclusively established. *See* Tex. R. Civ. P. 279; *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 633 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). An issue is conclusively established when the evidence is such that it leaves no room for ordinary minds to differ as to the

4

conclusion to be drawn from it. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 749 n. 6 (Tex. App.—El Paso 2000, no pet.).

The record shows that Allstate pleaded that it was entitled to an offset for PIP benefits it paid to Alfred, but during trial, Allstate offered no evidence showing that it had made any PIP payments, and there is no stipulation by the parties in the record regarding any PIP payments made by Allstate. The record does not show that Allstate requested jury questions or instructions on its offset defense or that Allstate objected to the omission of such an instruction from the court's charge. Accordingly, we conclude that Allstate waived appellate review of its offset claim. *See Brown*, 601 S.W.2d at 936; *Superior Broadcast Prods.*, 392 S.W.3d at 205. We overrule issue one.

In issue two, Allstate argues that the trial court erred by denying its motion to reopen the evidence pursuant to Rule 270 of the Texas Rules of Civil Procedure. Alfred argues that the trial court did not abuse its discretion by denying Allstate's motion, because Allstate failed to show any diligence in attempting to produce the evidence in a timely manner.

We review the trial court's denial of a motion to reopen the evidence under an abuse of discretion standard. *Rollins v. Tex. College*, 515 S.W.3d 364, 371 (Tex. App.—Tyler 2016, pet. denied). Rule 270 of the Texas Rules of Civil Procedure

5

allows the trial court to permit additional evidence to be offered at any time when it clearly appears to be necessary to the administration of justice. Tex. R. Civ. P. 270. However, Rule 270 does not require a trial court to permit additional evidence, as the rule further provides that "in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." *Id.* In determining whether to permit additional evidence, the trial court "should consider whether (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) reception of such evidence will cause undue delay, and (4) granting the motion will cause injustice." *Poag v. Flories*, 317 S.W.3d 820, 828 (Tex. App.— Fort Worth 2010, pet. denied). The trial court does not abuse its discretion by refusing to reopen evidence after evidence is closed if the moving party has failed to show diligence in attempting to produce the evidence in a timely manner. *Id.*

On this record, we cannot conclude that the trial court abused its discretion by denying Allstate's motion to reopen the evidence after the jury returned a verdict. *See* Tex. R. Civ. P. 270; *Rollins*, 515 S.W.3d at 371. The record does not show that Allstate was diligent in attempting to produce the additional evidence in a timely manner. *See Poag*, 317 S.W.3d at 828. Allstate did not offer evidence of the amount of PIP payments until forty-two days after the jury returned a verdict. The adjuster's affidavit concerning the PIP payments was executed in May 2018, and the affidavit

6

is based on evidence that was available in June 2016 and August 2017. Because Allstate had the opportunity to present its evidence before the jury returned a verdict, the trial court did not err in denying Allstate's motion to reopen evidence. *See Hernandez v. Lautensack*, 201 S.W.3d 771, 779 (Tex. App.—Fort Worth 2006, pet. denied); *Estrello v. Elboar*, 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998, no pet.). We overrule issue two. Having overruled each of Allstate's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on October 2, 2019
Opinion Delivered November 21, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.