

**IN THE
TENTH COURT OF APPEALS**

**No. 10-21-00296-CV**

**IN THE MATTER OF THE MARRIAGE OF
VICKI LYNN MATTHEWS AND JACKIE WAYNE MATTHEWS**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CV19316**

**MEMORANDUM OPINION**

In this appeal, the parties disagree over the trial court's division of the community estate. In two issues, appellant, Jackie Matthews ("Husband"), contends that: (1) the trial court abused its discretion by awarding appellee, Vickie Matthews ("Wife"), a business entity and its bank account; and (2) the trial court erred by not admitting his business entities' 2020 tax returns after the scheduling order deadline. We affirm.

**Background**

Husband and Wife were married on February 17, 2002. Wife filed for divorce in October 2019. It is undisputed that the parties accumulated community assets totaling approximately $10.5 million during the marriage.

This matter was tried to the bench. At trial, several witnesses testified, including both Husband and Wife. At the conclusion of the testimony, the trial court orally granted the divorce, but took the matter of the division of the estate under advisement. Thereafter, the trial court sent the parties a letter ruling regarding division of the community estate. Later, the trial court signed a final divorce decree granting the divorce, which included the property division set forth in the letter ruling. Husband filed a motion for new trial and a request for findings of fact and conclusions of law. The trial court did not make any findings of fact and conclusions of law, and Husband's motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

STANDARD OF REVIEW

In a divorce proceeding, the Family Code requires the trial court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. We review a trial court's division of property for an abuse of discretion. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). A trial court has wide latitude in the exercise of its discretion

in dividing the marital property in a divorce proceeding, and that division will not be overturned on appeal unless the trial court has abused its discretion. *Murff*, 615 S.W.2d at 698. A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## Ownership of the Business Entity

In his first issue, Husband contends that the trial court abused its discretion by awarding Wife 100% of the ownership interests in an entity called "Newco Matthews, LLC" and a checking account in the name of Newco Matthews, LLC. Specifically, Husband argues that no evidence exists to establish Newco Matthews, LLC and its bank account as community property that was subject to division under the Texas Family Code.

APPLICABLE LAW

In order to determine whether the trial court abused its discretion because the evidence was insufficient to support its decision, we consider: (1) whether the trial court had sufficient evidence upon which to exercise its discretion; and (2) whether it erred in its application of that discretion. *Bush v. Bush*, 336 S.W.3d 722, 729 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We conduct the sufficiency review using the appropriate standards for legal and factual sufficiency when considering the first prong of the test. *Id.* We then determine whether, based on the evidence presented at trial, the trial court

made a reasonable decision. *In re S.T.*, 508 S.W.3d 482, 489 (Tex. App.—Fort Worth 2015, no pet.).

In reviewing for legal sufficiency of the evidence, we consider the evidence in the light most favorable to the trial court's ruling. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). The test for legal sufficiency "must always be whether the evidence at trial would enable [a] reasonable and fair-minded [factfinder] to reach the [conclusion] under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id.* The factfinder is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Id.* at 819.

FACTS

At trial, Husband and Wife testified on the valuation of their marital estate. Wife provided a sworn inventory and appraisement, as well as a proposed division of property. In her inventory and appraisement, Wife listed a bank account titled, "Newco Matthews LLC" as one of the assets within the community estate of the parties. Husband did not provide a sworn inventory and appraisement, although he had been ordered to do so by the trial court. Husband also did not respond to interrogatories regarding the value of the marital estate. Furthermore, at trial, both parties spoke about the business entity Newco Matthews, LLC and a bank account with the same name that had a cash value of $2,021,330 at the time of trial. Wife testified that Husband told her that Newco

Matthews, LLC was created for tax purposes, and that a bank account existed with the same name of that business entity. Husband testified that the Newco Matthews, LLC bank account transferred $740,000 to another account for the sale of a company, and that he did not receive anything in return for the money going through his bank account.

ANALYSIS

Only community property is subject to the trial court's just and right division. *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied). All property on hand at the time of the divorce is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a). This is a rebuttable presumption and a spouse who claims any asset as separate property must rebut this presumption by clear and convincing evidence. *Id.* § 3.003(b). "A party seeking to rebut the community presumption must trace assets on hand during the marriage back to the property that is separate in character." *In re Marriage of Nash*, 644 S.W.3d 683, 696-97 (Tex. App.—Texarkana 2022, no pet.) (citations & quotations omitted). "Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property." *Id.* (citations & quotations omitted). Any doubt as to the character of the property should be resolved in favor of the community estate. *Akin v. Akin*, 649 S.W.2d 700, 703 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.).

In the instant case, Husband asserts that no evidence substantiates Newco Matthews, LLC as community property. Instead, Husband claims that neither spouse owned or acquired any interest in Newco Matthews, LLC or its bank account. However, contrary to his assertions above, Husband produced the Newco Matthews, LLC bank account statements during discovery in this divorce proceeding; Husband represented to Wife that Newco Matthews, LLC was created for tax purposes; Husband told Wife that she would not find all his assets; and Husband acknowledged the Newco Matthews, LLC bank account as his account. This evidence corroborated Wife's sworn inventory listing the bank account as community property. *Warriner v. Warriner*, 394 S.W.3d 240, 248 (Tex. App.—El Paso 2012, no pet.) ("A sworn inventory is simply another form of testimony. Such testimony must be supported by other evidence." (internal citations omitted)). And while he acknowledged that the Newco Matthews bank account was his, Husband did not trace the separate origin of the bank account or business entity through evidence showing the time and means by which he originally obtained possession of the property. *See In re Marriage of Nash*, 644 S.W.3d at 696; *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.— Fort Worth 2004, no pet.) ("Moreover, as a general rule, mere testimony that property was purchased with separate funds, without any tracing of the funds, is insufficient to rebut the community presumption."); *see also* TEX. FAM. CODE ANN. § 3.003(b). In fact, Husband failed to produce an inventory and appraisement during discovery and did not respond to interrogatories regarding the value of the marital estate.

Based on our review of the record, we conclude that there is legally sufficient evidence to support the trial court's division of the marital estate. *See Reyes*, 272 S.W.3d at 592; *City of Keller*, 168 S.W.3d at 827; *see also Bush*, 336 S.W.3d at 729. Moreover, we further conclude that Husband has not demonstrated that the property division was so unjust that the trial court abused its discretion. *See Bradshaw*, 555 S.W.3d at 543; *Murff*, 615 S.W.2d at 698; *see also Warriner*, 394 S.W.3d at 248 (concluding that assets were appropriately subject to equitable distribution as community property absent evidence offered to trace assets back as separate property of a spouse). We overrule Husband's first issue.

**2020 Tax Returns**

In his second issue, Husband argues that the trial court abused its discretion by not admitting the 2020 tax returns for his business entities after Husband missed the scheduling order deadline. Specifically, Husband asserts that the 2020 tax returns should have been admitted under Rule 193.6 or Rule 270 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 193.6(a), 270.

FACTS

Husband produced business entity tax returns the day before trial and attempted to admit the returns during cross examination of Wife's business valuation witness, Michael Benaglio. Wife objected to the admission of the 2020 tax returns and any solicitation of testimony regarding those returns because they had not been produced

until June 10, 2021, the day before trial, and after the scheduling order deadline. The pertinent scheduling order allowed discovery to be amended or supplemented without leave of court on or before May 11, 2021, but required leave of court after that date. Husband did not request leave of court before trial. Husband's attorney responded that he had only received the returns two days before trial and that he sent Wife's attorney the documents early the next morning, June 10, 2021. The trial court held a hearing on the admissibility of the 2020 business entity tax returns, sustained Wife's objections, and did not admit the tax returns.

## TEXAS RULE OF CIVIL PROCEDURE 193.6

Texas Rule of Civil Procedure 193.6(a) provides the following:

A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) There was good cause for the failure to make, amend, or supplement the discovery response; or

(2) The failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX. R. CIV. P. 193.6(a); *see Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992); *In re D.W.G.K.*, 558 S.W.3d 671, 679 (Tex. App.—Texarkana 2019, pet. denied). Exclusion is mandatory and automatic unless the court finds that there was good cause for the failure to amend or supplement, or the failure will not unfairly surprise or prejudice the other

party. *In re D.W.G.K*, 558 S.W.3d, at 679 (citing TEX. R. CIV. P. 193.6(a); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–98 (Tex. 1986) (per curiam); *Good v. Baker*, 339 S.W.3d 260, 271 (Tex. App.—Texarkana 2011, pet denied)). The party seeking to introduce evidence bears the burden of establishing good cause or the lack of unfair surprise or prejudice. TEX. R. CIV. P. 193.6(b). Moreover, the trial court has discretion in determining if the offering party met its burden to show good cause or lack of unfair surprise or prejudice, and the record must support the trial court's finding. *In re D.W.G.K*, 558 S.W.3d at 679 (citing TEX. R. CIV. P. 193.6(b); *Baker*, 339 S.W.3d at 271).

In *In re D.W.G.K.*, the Texarkana Court of Appeals noted:

> The purposes of Rule 193.6 are threefold: (1) to promote responsible assessment of settlement, (2) to prevent trial by ambush, and (3) to give the other party the opportunity to prepare rebuttal to expert testimony. *See In re Kings Ridge Homeowners Assoc., Inc.*, 303 S.W.3d 773, 783 (Tex. App.—Fort Worth 2009, orig. proceeding) (first two purposes) (citing *Alvarado*, 830 S.W.2d at 913-14); *Norfolk S. Railway Co. v. Bailey*, 92 S.W.3d 577, 581 (Tex. App.—Austin 2002, no pet.) (third purpose) (citing *Exxon Corp. v. W. Tex. Gathering Co.*, 868 S.W.2d 299, 305 (Tex. 1993)).

*In re D.W.G.K.*, 558 S.W.3d at 680. Thus, to establish the absence of unfair prejudice, "the party seeking to call an untimely disclosed witness or introduce untimely disclosed evidence must establish that, notwithstanding the late disclosure, the other party had enough evidence to reasonably assess settlement, to avoid trial by ambush, and to prepare rebuttal to expert testimony." *Id.* However, even if the party seeking to introduce the evidence or call the witness fails to carry the burden, the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended,

or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response. TEX. R. CIV. P. 193.6(c).

In the instant case, Husband contends that the trial court should have admitted the 2020 tax returns under Rule 193.6. Husband argues he had good cause because the 2020 tax returns had not been prepared prior to May 11, 2021, and were not provided to Husband until June 9, 2021. Husband also argues a lack of unfair surprise or prejudice because Wife received the 2020 tax returns prior to trial and was aware of them.

As stated earlier, Husband produced the tax returns on June 10, 2021, the day before trial, and after the deadline of May 11, 2021, imposed in the scheduling order. *See* TEX. R. CIV. P. 193.5(b) (providing that it is presumed that an amended or supplemental response made less than thirty days before trial was not made reasonably promptly). Prior to that, Husband had repeatedly been sanctioned by the trial court for not complying with discovery orders. Additionally, Husband did not provide Wife with other financial information that the 2020 tax returns were based on, nor did he request a continuance or leave of court to produce the tax returns outside of the discovery deadlines. Instead, Husband waited until the day before trial to provide any notice to Wife or the trial court about the need for the 2020 tax returns. Husband also made no attempt to establish good cause or lack of unfair prejudice other than informing the trial court that he had just received the 2020 tax returns the day before they were produced to Wife.

Given that Husband: (1) had a history of causing delays and failing to comply with discovery orders, (2) failed to request a continuance or leave of court prior to trial, in accordance with the scheduling order provisions, and (3) did not establish good cause or lack of unfair prejudice, we cannot say that the trial court abused its discretion by excluding the 2020 tax returns and finding a potential for unfair surprise or prejudice and a lack of good cause. *See Mid Continent Lift & Equip., LLC v. J. McNeill Pilot Car Serv.*, 537 S.W.3d 660, 672 (Tex. App.—Austin 2017, no pet.) (noting that the purposes of Rule 193.6 include ensuring that parties receive notice of the witnesses and evidence their opponents intend to present at trial, thereby promoting realistic assessment of settlement prospects and preventing "trial by ambush."); *see also White v. Perez*, No. 2-09-251-CV, 2010 Tex. App. LEXIS 150, at **2-4 (Tex. App.—Fort Worth Jan. 7, 2010, pet. denied) (mem. op.) (finding no abuse of discretion when the trial court excluded evidence after husband failed to answer interrogatories, provided unsigned and untimely answers to the interrogatories three days before trial, and did not establish good cause).

TEXAS RULE OF CIVIL PROCEDURE 270

Texas Rule of Civil Procedure 270 provides, as applicable here, that when it clearly appears to be necessary to the due administration of justice, the court *may* permit additional evidence to be offered at any time. TEX. R. CIV. P. 270. However, the rule does not require a court to permit additional evidence. *Rollins v. Tex. Coll.*, 515 S.W.3d 364, 371 (Tex. App.—Tyler 2016, pet. denied) (citing *Poag v. Flories*, 317 S.W.3d 820, 828 (Tex.

App.—Fort Worth 2010, pet. denied)); *Hernandez v. Lautensack*, 201 S.W.3d 771, 779 (Tex. App.—Fort Worth 2006, pet. denied) (citation omitted).

In determining whether to permit additional evidence under Rule 270, a court should consider: (1) the movant's diligence in obtaining the additional evidence; (2) the decisiveness of this evidence; (3) whether the reception of the evidence could cause any undue delay; and (4) whether the granting of the motion could cause any injustice. *Rollins*, 515 S.W.3d at 371; *see McCuen v. Huey*, 255 S.W.3d 716, 738 (Tex. App. —Waco 2008, no pet.) (citations omitted). These are just factors to be considered, and even if all of the factors are not satisfied, a trial court's decision to permit the presentation of additional evidence should not be disturbed absent an abuse of discretion. *See Naguib v. Naguib*, 137 S.W.3d 367, 372-73 (Tex. App.–Dallas 2004, pet. denied).

Furthermore, "[i]t is well established that in considering appeals based on rule 270 that the question of reopening a case for the purpose of admitting additional evidence is within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by an appellate court unless it clearly appears that such discretion has been abused." *Word of Faith World Outreach Ctr. Church v. Oechsner*, 669 S.W.2d 364, 366 (Tex. App.—Dallas 1984, no writ).

Here, the record does not demonstrate that Husband exercised due diligence in procuring or producing financial information for 2020 or informing the trial court or the parties of the impending production of the 2020 tax returns until the day before trial.

Furthermore, nothing in the record shows that Husband proffered any counter-witnesses or counter-evidence regarding the valuations contained in the 2020 tax returns, despite knowing that the valuations in said returns may have been relevant to the just and right division of the community estate. Furthermore, as stated earlier, Husband, on several occasions, caused delays in the trial by failing to comply with discovery orders. Moreover, the admission of the 2020 tax returns would have caused an additional undue delay to a proceeding that began on October 16, 2019, and had already been delayed several times. To further delay this proceeding would have caused an injustice to Wife. Under these circumstances, we cannot say that the trial court abused its discretion by refusing to admit the untimely-produced 2020 tax returns under Texas Rule of Civil Procedure 270. *See* TEX. R. CIV. P. 270; *Oechsner*, 669 S.W.2d at 366. We overrule Husband's second issue.

## Conclusion

We affirm the trial court's judgment.


MATT JOHNSON
Justice


Before Chief Justice Gray,
        Justice Johnson,
        and Justice Smith
Affirmed
Opinion delivered and filed August 24, 2022
[CV06]

