

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00343-CV

**INTERNATIONAL INSTALLATION, LLC**,
Appellant

v.

**MADERA MILLWORK, LTD.,**
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-07179
Honorable Renée Yanta, Special Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: February 1, 2023

AFFIRMED

Appellant International Installation, LLC appeals a final judgment awarding it damages for work it performed for appellee Madera Millwork, Ltd., formerly known as BOA Studio, LLC. International Installation contends the trial court erred by miscalculating its damages award and denying its motion to reopen evidence. We affirm the trial court's judgment.

### BACKGROUND

Madera Millwork hired International Installation to install custom millwork at two of its construction projects: a James Avery jewelry store ("the James Avery Project") and a dormitory

on Texas Tech University's campus ("the Texas Tech Project"). A dispute arose over whether Madera Millwork fully paid International Installation for the work performed, and International Installation[1] ultimately sued Madera Millwork[2] for breach of contract, quantum meruit, promissory estoppel, money had and received, and fraud, seeking to recover the unpaid balance. Madera Millwork counterclaimed, alleging International Installation committed fraud and violated the Texas Deceptive Trade Practices Act by making false representations in its invoices.

International Installation then moved for partial summary judgment, arguing valid and enforceable contracts regarding the construction projects existed between the parties as a matter of law. The trial court granted International Installation's motion and specifically found the parties entered valid and enforceable contracts, and these contracts required Madera Millwork to pay International Installation for the work it performed based on the timesheets it prepared. The parties agreed to refer the remaining issues to a special judge pursuant to chapter 151 of the Texas Civil Practice and Remedies Code to determine the amount owed, if any, by Madera Millwork.

The remaining issues were tried before the special judge over three days. Two days after trial, International Installation filed a motion to reopen evidence, specifically seeking permission to replace two pages of Defendant's Exhibit 18, which consisted of the timesheets for the James Avery Project. International Installation argued it needed to replace the original two pages because they were illegible. The special judge denied International Installation's motion, and she granted International Installation's breach of contract claim and found Madera Millwork owed International Installation $19,397.53 for the construction projects. She further found Madera

---

[1] Mario Hernandez, Sr., as President of International Installation, and International Installation originally initiated the lawsuit, but at trial, International Installation explained it was the only proper plaintiff. It is undisputed Hernandez is not a party to this appeal.

[2] The lawsuit was originally filed against Jason Holloway, individually, BOA Studio, LLC, and Madera Millwork. The trial court ultimately dismissed Holloway as a defendant, and the record reflects Madera Millwork purchased all of BOA Studio's assets when BOA Studio terminated as an entity.

Millwork was entitled to a setoff for litigation costs in the amount of $27,722.10, reducing International Installation's recoverable judgment to zero. International Installation now appeals.

## PARTIAL REPORTER'S RECORD AND INADEQUATE BRIEFING

We begin by addressing Madera Millwork's arguments regarding the partial reporter's record and inadequate briefing. Madera Millwork first argues because International Installation has presented this appeal on a partial reporter's record, we must presume the omitted portions of the reporter's record are relevant and support the judgment. For support, it points to Texas Rule of Appellate Procedure 34.6(c).

Rule 34.6(c) provides an appellant may present an appeal on a partial reporter's record only if it includes in its request for the reporter's record "a statement of the points or issues to be presented on appeal." TEX. R. APP. P. 34.6(c)(1). Appellant "will then be limited to those points or issues." *Id.* If an appellant fails to file the statement of appellate points or issues, we must then presume the material missing from the reporter's record is relevant and supports the trial court's judgment. *Serralde v. Flores*, No. 04-17-00078-CV, 2018 WL 987263, at *2 (Tex. App.—San Antonio Feb. 21, 2018, no pet.) (mem. op.). There is nothing in Rule 34.6(c) relieving an appellant of its ultimate burden to bring forth a record showing reversible error. *Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Here, the trial before the special judge occurred over the course of three days: February 17, 18, and 24, 2020. However, the reporter's record consists of only the proceedings from the first day of trial and a hearing held on March 9, 2020, regarding the special judge's explanation of the damages calculation. It did not include either the second or third days of trial or the exhibits admitted into evidence at trial. International Installation also did not file a statement of appellate

points or issues it intended to present on appeal as required by Rule 34.6(c)(1).[3] We must therefore presume the omitted portions of the record are relevant and support the trial court's judgment. *See* TEX. R. APP. P. 34.6(c)(1); *Serralde*, 2018 WL 987263, at *2.

Madera Millwork next argues International Installation waived each of its appellate challenges because of inadequate briefing. According to Madera Millwork, International Installation's brief is conclusory and cites only a 1936 case for support. The Texas Supreme Court has stated "[a]ppellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Thus, even though International Installation's arguments are short and there is only one citation to legal authority, we conclude the brief sufficiently complies, and we will address each argument to the extent possible on a partial reporter's record. *See id.*

### DAMAGES

International Installation contends the trial court erred by miscalculating its damages award because it did not include the time worked by Mario Hernandez, Sr. at the Texas Tech Project in its calculation. For support, it points to Hernandez's testimony stating he supervised the workers at the Texas Tech Project and worked the same amount of time as the supervised workers. Thus, the trial court should have awarded it damages for the time Hernandez worked.

Here, it is undisputed the damages issue was before the special judge. Specifically, the judge heard from Hernandez, who testified he worked at the Texas Tech Project, but he did not

---

[3] We note International Installation filed a letter after the appellee's brief was filed and the appeal was "at issue," stating the partial record "contain[ed] the portions of the trial upon which [its] appeal is based." Even if we construed the letter as a proper statement of appellate points, it is late. *See* TEX. R. APP. P. 34.6(b) (stating appellant must request the record from the official reporter at or before the time for perfecting appeal). "To give effect to [International Installation's] late filing of the statement of points or issues on appeal would go against the spirit of the rules of appellate procedure." *Old Tin Roof Steakhouse, LLC v. Haskett*, No. 04-12-00363-CV, 2013 WL 1148921, at *4 (Tex. App.—San Antonio Mar. 20, 2013, no pet.) (mem. op.) (internal quotation marks omitted). We therefore decline to do so. *See id.* (holding late attempt to comply with rule is ineffective).

document his time worked on any timesheets. International Installation, however, did not provide a complete record of this proceeding or include a statement of points or issues it wished to present on appeal in its notice of appeal. Without a complete record, we cannot determine whether the trial court made an evidentiary error, and we must presume the omitted portions of the record are relevant and support the trial court's judgment. *See* TEX. R. APP. P. 34.6(c)(1); *Serralde*, 2018 WL 987263, at *2.

To the extent International Installation contends the trial court admitted it did not include the time Hernandez worked at the Texas Tech Project, the special judge provided her reasoning for the damages calculation at the March 9, 2020 hearing. There, she explained she did not include Hernandez's time because it was not listed on the timesheets, and she was bound by the trial court's previous finding requiring the payment calculation be based on the timesheets International Installation prepared. In absence of a complete reporter's record, we cannot ascertain the exact content of the evidence presented to the special judge and whether Hernandez's time for the Texas Tech Project was reflected on the timesheets.[4] *See DeAnder & Felhaber, LP v. Montgomery*, 615 S.W.3d 352, 360–61 (Tex. App.—El Paso Dec. 10, 2020, pet. denied) (reasoning exact content of evidence presented at arbitration hearing could not be determined based solely on arbitrator's explanation in absence of complete reporter's record). Therefore, because we cannot review all the testimony offered or the exhibits admitted into evidence, we must presume the omitted portions of the record support the special judge's reasoning for the damages calculation. *See id*.; *see also Garcia*, 526 S.W.3d at 593. Accordingly, we overrule International Installation's challenge to the damages award.

---

[4] We note International Installation attached a copy of the timesheets admitted for the Texas Tech Project as an appendix to its brief, and the timesheets do not include any time worked for Hernandez. Nevertheless, documents attached as appendices to briefs do not constitute part of the record, and we may not consider such documents on appeal. *Garcia*, 516 S.W.3d at 591.

**MOTION TO REOPEN EVIDENCE**

International Installation next contends the trial court abused its discretion by denying its motion to reopen evidence, which requested substitution of two pages of Defendant's Exhibit 18—timesheets for the James Avery Project. According to International Installation, the trial court should have granted the motion because the two pages were more legible and showed time the trial court should have included in the damages award.

"We review the denial of a motion to reopen evidence under an abuse of discretion standard." *In re B.J.M.*, No. 04-14-00300-CV, 2015 WL 1244804, at \*2 (Tex. App.—San Antonio Mar. 18, 2015, no pet.) (mem. op.). Under Texas Rule of Civil Procedure 270, a trial court may allow a party to offer additional evidence at any time "it clearly appears to be necessary to the due administration of justice." TEX. R. CIV. P. 270; *B.J.M.*, 2015 WL 1244804, at \*2. In making its determination, a trial court "should consider whether: (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) reception of such evidence will cause undue delay; and (4) granting the motion will cause injustice." *B.J.M.*, 2015 WL 1244804, at \*2. The rule is permissive and does not require the admission of additional evidence. *Poag v. Flories*, 317 S.W.3d 820, 828 (Tex. App.—Fort Worth 2010, pet. denied). "[A] trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion." *Id.* (alteration in original) (quoting *Lopez v. Lopez*, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi 2001, no pet.)) (internal quotation marks omitted). "To show diligence, a party must establish either that the evidence was previously unavailable or that the party had no opportunity to present the proof to the court before judgment." *Rollins v. Tex. Coll.*, 515 S.W.3d 364, 371 (Tex. App.—Tyler 2016, pet. denied).

Here, International Installation filed its motion to reopen evidence two days after trial concluded. In its motion, it argued Defendant's Exhibit 18 consisted of faxed copies of timesheets it originally sent Madera Millwork before trial, and the quality of the faxed copies was illegible. Even assuming the quality of the copies was illegible, International Installation does not dispute the availability of the evidence at the time of trial. In fact, on the first day of trial, International Installation marked the same set of timesheets as Exhibit 1, but it never admitted them into evidence. Given these facts on a partial reporter's record, we conclude International Installation failed to show diligence in ensuring legible copies of timesheets for the James Avery Project were admitted into evidence. *See Moore v. Jet Stream Invs., Ltd.*, 315 S.W.3d 195, 201–02 (Tex. App.—Texarkana 2010, no pet.) (concluding appellant failed to show diligence in producing evidence in a timely fashion when it had access to evidence "all along"). International Installation also failed to establish the evidence was previously unavailable or it did not have an opportunity to present it before judgment. *See Rollins*, 515 S.W.3d at 371 (holding trial court did not abuse its discretion in denying motion to reopen evidence when appellant failed to show affidavit was unavailable prior to granting of summary judgment); *Moore*, 315 S.W.3d at 201–02 (holding trial court did not abuse its discretion in denying motion to reopen evidence when evidence was readily available prior to trial). We therefore hold the trial court did not abuse its discretion by denying International Installation's motion to reopen the evidence.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice